# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60785
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 30, 2019

Lyle W. Cayce
Clerk

ELSY DEL CARMEN GARCIA-VENTURA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 678 245

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Elsy del Carmen Garcia-Ventura, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from an Immigration Judge's (IJ) denial of her applications for asylum and withholding of removal. She fails, however, to address withholding of removal.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60785

Regarding asylum, that claim is based on her partner's acts of domestic violence in El Salvador. She contends: the IJ erred in finding she failed to show the Salvadoran government was unwilling or unable to control her persecutor; the Attorney General's decision in *Matter of A-B-*, 27 I. & N. Dec. 316 (Att'y Gen. 2018), erred by categorically barring domestic-violence-asylum claims; and the BIA erred in holding her claimed particular social groups non-cognizable.

The BIA's legal conclusions are reviewed *de novo*. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (citation omitted). Its factual findings, including whether an alien is eligible for asylum, are reviewed for substantial evidence and are affirmed unless the evidence compels a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir. 2005) (citations omitted).

Concerning the challenge to the finding by the IJ, an IJ's findings and conclusions are not reviewed unless they influenced the BIA's reasoning. *Orellana-Monson*, 685 F.3d at 517 (citation omitted). In this instance, and as Garcia concedes, we do not review her challenges to aspects of the IJ's decision because it did not influence the BIA's decision. *See id.* at 511 (citation omitted).

To establish membership in a particular social group under 8 U.S.C. § 1101(a)(42)(A), an alien must demonstrate that she is a member of a "group of persons that share a common immutable characteristic that [she] either cannot or should not be required to change because [the characteristic] is fundamental to [her] individual identit[y] or conscience[]". *Id.* at 518 (citations and internal quotation marks omitted). Such a group must, *inter alia*: be particular, exist independently of the harm asserted, and not be defined circularly by the persecution suffered. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 230–32 (5th Cir. 2019) (citations omitted).

2

No. 18-60785

Circuit precedent forecloses Garcia's claim that *Matter of A-B-* erred by categorically banning domestic-violence-asylum claims and that the BIA's reliance on it in this instance meant the BIA failed to perform the requisite individualized analysis. *See id.* at 232 (concluding *Matter of A-B-* did not categorically ban domestic-violence-asylum claims). The BIA's opinion in this instance constituted an individualized analysis. *See id.* To the extent Garcia contends the BIA's decision violated her due-process and equal-protection rights because it arbitrarily categorically banned domestic-violence-asylum claims, her contentions are unavailing because, as stated, *Matter of A-B-* did not categorically ban such claims. *See id.*

Regarding Garcia's contention the BIA incorrectly concluded her claimed particular social groups—"victims of domestic violence at the hands of their domestic partner and unable to leave their domestic partner" and "victims of domestic violence who are viewed as property by virtue of their positions within a domestic relationship"—were not cognizable, these social groups are defined by, and do not exist independently of, the persecution of their group members. *See id.*

DENIED.